# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**PARLEE RICHARDSON**                                          **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:23-cv-176-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                          **DEFENDANT**

## ORDER

This matter is before the court on Plaintiff's complaint [Doc. No. 1] for judicial review[1] of the Commissioner of the Social Security Administration's denial of an application for Disability Insurance Benefits ("DIB"). The undersigned held a hearing on May 14, 2023 [Doc. No. 16]. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments

---

[1] The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:
> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).
       Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

## Statement of the Case

On August 19, 2020, Plaintiff filed for DIB under Title II of the Social Security Act, alleging a disability onset date of June 24, 2020. Tr. at 19. The application was denied initially on May 20, 2021, and upon reconsideration on August 26, 2022. Tr. at 19. Plaintiff filed a timely request for a hearing. The Administrative Law Judge ("ALJ") held a telephonic hearing on March 20, 2023, and issued an unfavorable decision in this cause on April 17, 2023. Tr. at 19, 31. The Appeals Council denied Plaintiff's request for review on July 25, 2023, thereby making the ALJ's decision the final decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act. Tr. at 6.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. As a preliminary matter, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2024. Tr. at 21, Finding 1. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of June 24, 2020. Tr. at 21, Finding 2. At step two, the ALJ found that the Plaintiff had the following severe impairments: diabetes, obesity, arthritis of the knees and hips, polyarthritis, fibromyalgia, systemic lupus erythematous, and hypertension (20 C.F.R. 404.1520(c)). Tr. at 21, Finding 3. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings). Tr. at 25, Finding 4.

The ALJ then assessed Plaintiff's RFC and found that he has the ability to perform a reduced range of light work as defined in 20 C.F.R. 404.1567(b). The ALJ found the plaintiff

should avoid exposure to atmospheric conditions such as fumes, dusts, odors, gases, or poor ventilation. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, kneel, crouch, crawl, or stoop. She must use a cane for ambulation to and from the workstation. Tr. at 26, Finding 5.

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as an order picker (DOT number 922.687-058), animal caretaker (DOT number 412.674-010), veterinary assistant (DOT number 079.361-014), cook (DOT number 315.361-010 and 313.361-014), certified nursing assistant (DOT number 355.674-014), and cleaner (DOT number 381.687-014). Tr. at 29, Finding 6.

Because the ALJ found that Plaintiff was unable to perform her past work, the ALJ considered step five, whether the plaintiff is able to perform other work. The ALJ found, after consulting with a Vocational Expert ("VE") that Plaintiff could perform certain representative jobs at a reduced light exertional level that exist in significant numbers in the national economy, such as electrical assembler (DOT number 729.687-010), a ticket printer (DOT number 652.685-094), and an office helper (DOT number 239.567-010). Tr. at 29-30, Finding 10. Finally, the ALJ found Plaintiff not disabled and denied her application for period of disability and DIB. Tr. at 30, Finding 11.

**Issue on Appeal and Discussion**

In her brief on appeal, Plaintiff argues that the ALJ erred by failing to account for the "total limiting effects" of Plaintiff's severe impairments. Specifically, Plaintiff takes issue with the ALJ rejecting Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms as not fully consistent with the medical evidence. Plaintiff points to her reliance on a cane to ambulate, and thus asserts that she cannot perform the physical requirements

associated with light work. Instead, Plaintiff asserts that the medical evidence[2] demonstrates that she consistently exhibited severe pain, gait disturbance, and difficulty ambulating even with the assistance of a cane or another person.

Further, Plaintiff argues that if the ALJ had properly performed the analysis required under SSR 16-3p and § 404.1529, then she should have found "[n]o inconsistency exists between the medical record and Plaintiff's testimony." In other words, Plaintiff asserts that there is no logical bridge between the ALJ's finding that Plaintiff can perform light work at a reduced range, which requires standing/walking for approximately 6 hours, and the medical evidence in the record.

In response, the Commissioner argues that the ALJ did indeed consider Plaintiff's statements of her own symptoms, but the objective evidence provides substantial evidence for the ALJ's finding that Plaintiff is not disabled. The Commissioner first notes that Plaintiff's insistence on her need for a cane is, in fact, included in the RFC. Next, the Commissioner recites objective findings in the record.

- For example, on December 15, 2021, her provider merely noted that she used a cane, but had a normal extremity examination (Tr. 22, 405).

- Plaintiff returned on February 14, 2022 for hypertension, diabetes, hyperlipidemia and pain to her lower extremities and hands (Tr. 396). However, her extremity and musculoskeletal examinations were normal without mention of use of a cane or other ambulatory device (Tr. 22, 398).

- The physician findings during her April 6, 2022 emergency department visit…Plaintiff was noted as ambulatory without mention of an assistive device both at intake and at discharge (Tr. 467, 471) … Moreover, the objective physical examination showed normal musculoskeletal findings, including normal range of motion and no deformity, and she had no neurological deficits (Tr. 22, 476).

- On May 24, 2022, Plaintiff sought care for pain in multiple joints that was

---

[2] Plaintiff, in her brief, points to a November 2020 examination (Tr. at 337-38); a December 2020 ED encounter (Tr. at 357-58, 362); a March 2021 encounter (Tr. at 368, 370-72); and a number of other encounters throughout 2021 and 2022 (e.g., Tr. at 374, 383, 401, 414, 420, 433, 462, 493, 542, 560).

> "moderate in severity and improving" (Tr. 484). She also complained of "mild" muscle pain over her "entire body" (Tr. 484). However, the objective physical examination noted full 5 out of 5 bilateral lower and upper extremity muscle strength, no sensory deficits, and that she was able to bear full weight while using a cane, albeit with an antalgic gait (Tr. 22, 486). Further, Plaintiff had normal lumbosacral spine, knee, and hip examinations (Tr. 22, 486-487).

Def.'s Br. [Doc. No. 14] at 6-7.

The Commissioner also notes that the ALJ credited the SAMCs' findings as persuasive, wherein both SAMCs opined that Plaintiff could perform light work, and occasionally balance, stoop, kneel, crouch, crawl, and climb ladders, ropes, scaffolds, ramps, and stairs. Tr. at 23, 56-63, 70-72. Despite finding both persuasive, the ALJ imposed additional limitations in Plaintiff's RFC.

Relevant to the additional restrictions in the RFC, the record also reflects the following exchange at the hearing before the ALJ:

> ALJ: Okay. If we added to that hypothetical that she would have to use a cane for ambulation to and from the workstation, would she still be able to perform those jobs?
>
> VE: To and from the workstation, what about when she was at the workstation if she had to move around the room?
>
> ALJ: Yes, she would have to use the cane then too.
>
> VE: Okay. I think it would probably eliminate the router job, Your Honor, because there may be boxes that the hypothetical individual might have to get ready to send out of the company. The other one should be fine, Your Honor. The other two should be fine.
>
> ALJ: Would there be another job that she could do besides the router?
>
> VE: Yes, Your Honor, let me look. I think office helper would be fine, Your Honor, and that's DOT code 239.567-010, light exertion with an SVP of 2, national employment figures approximately 74,000.
>
> ALJ: Is your testimony consistent with the DOT?
>
> VE: Yes, Your Honor, although I do rely on my knowledge, training, education,

experience to consider the use of the cane for ambulation. Otherwise, yes, it's based on the DOT.

Tr. at 54-55.

While the plaintiff argues that she is not asking this Court to re-weigh the evidence considered by the ALJ, remanding and reversing in this matter would be tantamount to the same. As discussed above, although Plaintiff, in her briefing, has provided medical evidence and testimony suggesting difficulty ambulating for the plaintiff, the record also reflects substantial evidence supporting Plaintiff's ability to perform the reduced range of light work. As the Commissioner points out, various exams and medical evidence show normal extremities and musculoskeletal findings. Even during the May 24, 2022, exam where Plaintiff used a cane and exhibited an antalgic gait, it was noted that Plaintiff had "full 5 out of 5 bilateral lower and upper extremity muscle strength" and could bear full weight with the use of the cane. Accordingly, substantial evidence supports the ALJ's decision finding Plaintiff not disabled.

## Conclusion

For the reasons stated above, the Court finds that the ALJ's April 17, 2023, decision is affirmed.

**SO ORDERED** this, the 29th day of May, 2024.

/s/ Jane M. Virden
United States Magistrate Judge